IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:10-CR-14-BO

FILED
JAN 1 8 2012
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| DWAYNE QUINCEY DUDLEY | ) | |

This matter is before the Court on Defendant's Motion to Correct Sentence as to Jail Credit [DE 43]. The Government has responded [DE 46], and the matter is ripe for review. Because the Court lacks subject matter jurisdiction over Defendant's claim, his motion is denied.

## BACKGROUND

On November 9, 2010, Defendant pleaded guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). On April 26, 2011, Defendant was sentenced by this Court to a term of imprisonment ninety-six months with credit for time served. Defendant now contests the amount of prior custody credit awarded to him by the Federal Bureau of Prisons.

## DISCUSSION

The Court must begin by properly characterizing this Motion. It cannot be construed as a motion under 28 U.S.C. § 2255 because Defendant does not challenge the imposition of sentence, but rather challenges the manner in which the sentence has been executed. *See* 28 U.S.C. § 2255 (a); *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241-42 (3d Cir. 2005). Further, this motion cannot be construed as a motion pursuant to Rule 36 of the Federal Rules of Criminal Procedure, because Rule 36 only permits correction of

clerical errors and does not allow a sentence to be substantively altered. *See* Fed. R. Crim. P. 36; *United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996); *United States v. Lightner*, 266 F. App'x 240, 241-42 (4th Cir. 2008). Because this Court does not perceive any clerical errors in Defendant's sentence, and Defendant does not argue that a clerical error exists, Rule 36 has no application here.

Therefore, this Motion is construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241, as the proper method of challenging prior custody credit. *See Reno v. Koray*, 515 U.S. 50, 52-53 (1995). However, that statute vests the authority to grant pre-sentencing jail credit to the Federal Bureau of Prisons, not to the sentencing court. *United States v. Wilson*, 503 U.S. 329 (1992); *United States v. Burcham*, 91 F. App'x 820, 821 (4th Cir. 2004). The proper method for challenging an adverse decision by the Bureau of Prisons is an action under § 2241, which may only be filed in the district that has *in personam* jurisdiction over the petitioner. *See Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Defendant is currently incarcerated at the United States Penitentiary McCreary in Pine Knot, Kentucky. Accordingly, this Court has no jurisdiction to grant the relief Defendant seeks, and his Motion is denied.

SO ORDERED, this 18 day of January, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE